```
                IN THE UNITED STATES DISTRICT COURT

                     FOR THE DISTRICT OF OREGON

                         PORTLAND DIVISION

MICHAEL SMITH,
                                        Civil No. 09-1020-MO
          Petitioner,

     v.

JEAN HILL,
                                        OPINION AND ORDER
          Respondent.

     Ellen C. Pitcher
     Assistant Federal Public Defender
     101 S.W. Main Street, Suite 1700
     Portland, Oregon 97204

          Attorney for Petitioner

     John R. Kroger
     Attorney General
     Andrew Hallman
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

     1 - OPINION AND ORDER
```

MOSMAN, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he challenges the legality of his underlying state convictions for Assault and Burglary. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On April 15, 2003, the Marion County Grant Jury charged petitioner by indictment with Kidnapping in the First Degree, Robbery in the Third Degree, Assault in the Second Degree, and Kidnapping in the Second Degree. Respondent's Exhibit 102. The criminal charges against petitioner were based on his actions involving two victims, Keir Mellor and Colin Fisher.

At the time of petitioner's scheduled jury trial, Fisher could not be located, but Mellor had been subpoenaed to testify. On the morning of trial, petitioner opted to forego his right to a jury trial and agreed to a court trial, prompting the trial court to postpone the trial until June 30, 2003.

On the morning set for petitioner's court trial Mellor contacted the courthouse to tell them she had been locked our of her house, but that she was on her way to the courthouse. Mellor, however, never appeared. The State requested a continuance until it was able to physically present Mellor, but the trial court declined to grant the request "since the defendant is in custody and this case has begun. . . ." Respondent's Exhibit 103, p. 46.

As a result, the State called a single witness, Salem Police Officer Jason Coyle, who was permitted to testify over defense counsel's hearsay objection to the contents of his crime scene interview with Mellor.

At the close of the State's case, the trial judge granted the defense's motion for a judgment of acquittal as to the Kidnapping in the Second Degree charge. Respondent's Exhibit 103, pp. 68-69. The trial court found petitioner not guilty of Kidnapping in the First Degree, but guilty of Assault in the Second Degree and Robbery in the Third Degree and sentenced him to 96 months in prison. *Id* at 99-100.

Petitioner took a direct appeal, and the Oregon Court of Appeals affirmed his convictions and remanded the case for resentencing. *State v. Smith*, 204 Or. App. 113, 129 P.3d 208 (2006). The Oregon Court of Appeals granted the State's motion seeking reconsideration and affirmed both the sentences and convictions without a written opinion. 207 Or. App. 318, 140 P.3d 1196 (2006). The Oregon Supreme Court denied review. 342 Or. 474, 155 P.3d 52 (2007).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Smith v. Mills*, 228

3 - OPINION AND ORDER

Or. App. 756, 210 P.3d 945, *rev. denied* 346 Or. 589, 214 P.3d 821 (2009).

Petitioner filed this federal habeas corpus action on August 27, 2009 raising a variety of claims. Respondent asks the court to deny relief on the claims because: (1) many of the grounds for relief were not fairly presented to Oregon's state courts and are now procedurally defaulted; (2) those claims that were fairly presented were properly denied in state court decisions that are entitled to deference pursuant to 28 U.S.C. § 2254(d).

## **DISCUSSION**

### I.  **Unargued Claims**

There are a number of claims in the *pro se* Petition which respondent addressed in her Response, but which petitioner has not supported with any briefing. The court has nevertheless reviewed petitioner's unargued claims on the existing record and determined that they do not entitle him to relief. *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."); *see also Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (petitioner bears the burden of proving his claims).

///
///

4 - OPINION AND ORDER

## II.  *Crawford* Claim

Petitioner has filed briefing in support of a single claim: whether the trial court violated his rights under the Confrontation Clause by admitting hearsay statements from the investigating police officer contrary to the rule announced in *Crawford v. Washington*, 541 U.S. 36, 59 (2004).  Respondent asserts that this claim was not properly preserved at the trial court level, and therefore was never fairly presented to Oregon's Supreme Court during direct review.

### A.   Exhaustion and Procedural Default Standards

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims.  *Rose v. Lundy*, 455 U.S. 509, 519 (1982).  "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"  *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are

5 - OPINION AND ORDER

therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**B.   Analysis**

Defense counsel objected to the introduction of Mellor's prior statements through Officer Coyle, but did so based only on his belief that whether Mellor was or was not available, the hearsay exceptions of OEC 803 and OEC 804 did not permit Coyle's testimony as to her prior statements. Respondent's Exhibit 103, pp. 47-48. Defense counsel's view of the case would also have supported a Confrontation Clause objection pursuant to *Ohio v. Roberts*, 448 U.S. 56 (1980), where the Supreme Court determined that the admission of hearsay evidence made by an unavailable declarant did not violate the Confrontation Clause only if the statement bore

sufficient indicia of reliability, *i.e.* if there was an applicable hearsay exception. *Id* at 66. However, at no time did counsel ever frame his objection to Coyle's testimony in terms of the Confrontation Clause or any other constitutional provision.

Almost nine months after petitioner's trial, the Supreme Court decided in *Crawford* that, "[t]estimonial statements of witnesses absent from trial [are admissible] only where the witness is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]." 541 U.S. 36, 59 (2004). This decision prompted petitioner to raise a Confrontation Clause claim for the first time in his Appellant's Brief on direct review. Respondent's Exhibit 104. However, in Oregon, an appellate claim predicated upon the Confrontation Clause is not adequately preserved by a trial court hearsay objection. *State v. Jensen*, 313 Or. 587 (1992); *see also State v. King*, 307 Or. 332, 338 (1989) (constitutional errors raised for the first time on appeal will not be considered by Oregon's state courts). In his Appellant's Brief, petitioner conceded to the Oregon Court of Appeals that he "did not specifically articulate the constitutional argument that he makes on appeal." *Id* at 9.

Petitioner did briefly argue that he implicitly raised a confrontation issue when defense counsel asserted at trial that Mellor was not unavailable. He reasoned that in *State v. Moore*, 334 Or. 328, 49 P.3d 785 (2002), the Oregon Supreme Court had held

7 - OPINION AND ORDER

that Article I, Section 11 of the Oregon Constitution required the state to either produce the declarant or demonstrate the declarant's unavailability. Petitioner also asserted that within the same opinion, the Oregon Supreme Court had discussed how the Oregon constitutional test mirrors the federal Sixth Amendment test. Assuming this all to be true, petitioner never once directed the trial court to this case, nor did he ever raise a confrontation claim or federal constitutional claim of any sort. Simply raising an objection based on the Oregon Evidence Code with the expectation that the trial court would make a series of legal leaps to a federal confrontation issue contained in an uncited state case is not sufficient to preserve a federal constitutional issue for appellate review in Oregon. *See State v. Lotches*, 331 Or. 455 (2000), *cert denied* 534 U.S. 833 (2001) ("[a]n objection to the admission of evidence on one ground does not preserve an objection on other grounds").

Petitioner's Appellant's Brief also framed his Confrontation Clause issue as one constituting plain error, thus he argued that it was addressable on appellate review despite his failure to properly preserve it. Appellate review in Oregon's state courts is governed by ORAP 5.45(1) which states that "[n]o matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court. . . ." ORAP 5.45(1) does, however, provide an alternate procedure for unpreserved claims whereby "the

8 - OPINION AND ORDER

appellate court may consider an error of law apparent on the face of the record." This latter provision allows the Oregon Court of Appeals to consider rare errors of law which are "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or. 376, 381, 823 P.2d 956 (1991). Where the Oregon Court of Appeals makes a finding of plain error, it must do so expressly:

> Even if the error meets that test, however, the appellate court must exercise its discretion to consider or not to consider the error, and **if the court chooses to consider the error, the court must articulate its reasons for doing so**. This is not a requirement of mere form. A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error. It also undercuts the established manner in which an appellate court ordinarily considers an issue, *i.e.*, through competing arguments of adversary parties with an opportunity to submit both written and oral arguments to the court. Moreover, by *expressly* following the prescribed method of recognizing unpreserved or unraised error, much greater efficiency in the review process between appellate courts is facilitated by giving this court the benefit of the recognizing court's reasoning.

*Id* at 382 (citations omitted) (italics in original) (bold added).

The Oregon Court of Appeals simply affirmed the lower court without opinion, thus it clearly did not agree with petitioner that his confrontation issue was one of clear error. As made clear in *Ailes*, this means that the Oregon Court of Appeals did not choose to consider the alleged error.

///
///
///

9 - OPINION AND ORDER

### C. <u>Merits Presumption</u>

According to petitioner there is a presumption that the Oregon Court of Appeals based its decision, at least in part, on federal grounds because the appellate court made no clear statement that it was barring petitioner's *Crawford* claim on procedural grounds. But federal courts are only required to apply such a presumption "when it fairly appears that a state court judgment rested primarily on federal law or was interwoven with federal law, that is, in those cases where a federal court has good reason to question whether there is an independent and adequate state ground for the decision." *Coleman v. Thompson*, 501, U.S. 722, 739. The Ninth Circuit has similarly determined that if a state court's decision is ambiguous as to whether the case was denied on the merits or on procedural grounds, a court should construe the ambiguous decision as acting on the merits, but only if such a construction is plausible. *Chambers v. McDaniel*, 549 F.3d 1197 (9th Cir. 2009). It is not plausible under Oregon law for petitioner to have preserved his claim arising under the Confrontation Clause when he failed to make any such objection at trial, and when the Oregon Court of Appeals did not accept his plain error argument and thus did not consider the issue.

### D. <u>Plain Error as Merits Analysis</u>

Petitioner also asserts that the Oregon Court of Appeals necessarily considered the merits of his confrontation claim in

10 - OPINION AND ORDER

its plain error analysis. As discussed above, an Oregon appellate court cannot consider a claim involving plain error unless it specifically articulates its reasons for doing so. The Oregon Court of Appeals did no such thing in this case.

In addition, meaningful substantive merits review as contemplated by the fair presentation requirement of habeas corpus does not include the very cursory review afforded to litigants who unsuccessfully claim plain error of their unpreserved claims. *See State v. Terry*, 333 Or. 163, 180 (2001) (plain error review does not equate with intricate constitutional analysis). Taking petitioner's argument to its logical conclusion, a litigant could raise any unpreserved claim whatsoever, ask the Oregon Court of Appeals to review it as plain error, and would automatically receive a "merits decision" for purposes of fair presentation. Such an extreme result is unsupported by the governing case law, and is contrary to the purpose of the exhaustion doctrine which is designed "to avoid the unnecessary friction between the federal and state court systems that would result if a lower federal court upset a state court conviction without first giving the state court system an opportunity to correct its own constitutional errors." *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973). The court does not read the case law as requiring the result petitioner encourages, and declines to adopt such an extreme position.

///

11 - OPINION AND ORDER

### E.    Independent and Adequate State Procedural Bar

A federal court is precluded from reviewing the merits of a claim when the state court has denied relief on the basis of an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Vansickel v. White*, 166 F.3d 953, 957 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999). A state procedural rule constitutes an "independent" bar only if it is not interwoven with federal law or dependent upon a federal constitutional ruling. *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985); *La Crosse v. Kernan*, 244 F.3d 702, 704 (9th Cir. 2001). A state procedural rule constitutes an adequate bar to federal court review if it was "firmly established and regularly followed" at the time it was applied by the state court. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

According to petitioner, Oregon's plain error doctrine does not constitute an independent state ground for purposes of exhaustion because it requires the Oregon Court of Appeals to consider: (1) whether Officer Coyle's hearsay statement was testimonial; (2) whether Mellor was unavailable at trial; and (3) whether petitioner had no opportunity for cross-examination of Mellor. But the plain error portion of ORAP 5.45 only calls for the Oregon Court of Appeals to act if it sees an error which is obvious and not reasonably in dispute. *Ailes*, 312 Or. at 381. As discussed previously, the simple determination that there is no

obvious and undisputed error which is apparent on the face of the record does not involve the kind of merits analysis which would render the decision dependent on an examination of federal constitutional law.

Petitioner also claims that as applied to this case, Oregon's contemporaneous objection rule and plain error doctrine do not constitute adequate state rules because he raised his *Crawford* issue as soon as he could. He argues that it would be fundamentally unfair to require a criminal defendant to raise an issue prior to its existence, and such a practice would also render meaningless the principle that new Supreme Court holdings may be applied to convictions which are not yet final.

As noted above, for a state procedural rule to be "adequate," it must be firmly established and regularly followed. However, there may be "exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002). There is no question that Oregon's contemporaneous objection rule is firmly established and regularly followed, but petitioner faults Oregon's courts for blindly applying that rule to his case where the Supreme Court's interpretation of the Confrontation Clause changed materially between the time of his trial and the time of his direct appeal.

13 - OPINION AND ORDER

As discussed previously, in *Roberts* the Supreme Court determined that the admission of hearsay evidence made by an unavailable declarant did not violate the Confrontation Clause if the statement bore sufficient indicia of reliability. 448 U.S. at 66. In *Crawford*, the Supreme Court held that in criminal proceedings, "[t]estimonial statements of witnesses absent from trial [are admissible] only where the witness is unavailable, and only where the defendant has had a prior opportunity to cross-examine [the witness]." 541 U.S. at 59.

In this case, counsel for petitioner argued at trial that there was no applicable exception to the State's hearsay evidence under the Oregon Evidence Code. Although *Roberts* clearly provided for a Confrontation Clause objection, counsel did not raise such an objection. Petitioner is correct that under *Crawford,* the availability of a hearsay exception is no longer relevant, but this does not mean that a Confrontation Clause objection could not have been made under *Roberts*. Such an objection would have preserved petitioner's Sixth Amendment claim for appellate review at which time he could have invoked the more favorable *Crawford* decision as well as that in *Roberts*.

Because petitioner had the opportunity to raise a valid confrontation objection which, under the law at the time, was squarely on point with his attorney's view of his case, he cannot argue that Oregon's state courts applied the contemporaneous

14 - OPINION AND ORDER

objection rule to his case in such a way as to effectively preclude him from raising and preserving a confrontation claim.

### F. Cause and Prejudice

Finally, petitioner maintains that he is able to show cause and prejudice sufficient to excuse his default. Specifically, he claims that his confrontation claim simply did not exist at the time of his trial because the Supreme Court had not issued its decision in *Crawford*.

In order to demonstrate "cause," petitioner must show that some objective factor external to the defense impeded his efforts to fairly present the claim in state court. *Vansickel v. White*, 166 F.3d 953, 958 (9th Cir.), *cert. denied*, 528 U.S. 965 (1999); *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner meets the "prejudice" standard if he can demonstrate that the errors he complains of undermine confidence in the outcome of his trial. *Vansickel*, 166 F.3d at 958-59. "[A] claim which 'is so novel that its legal basis is not reasonably available to counsel' may constitute cause for a procedural default." *Bousley v.* U.S., 523 U.S. 614, 622 (1998) (quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). The issue to be addressed in such a circumstance is "whether at the time of the default the claim was available at all." *Smith v. Murray*, 477 U.S. 527, 537 (1986). Where similar claims have been brought in the past without success, a claim is not considered to be novel. *Id*; *Bousley*, 523 U.S. at 622-23.

15 - OPINION AND ORDER

Petitioner's argument regarding cause to excuse his default is essentially the same as that underlying his argument that the contemporaneous objection rule is inadequate as applied to his case. For the reasons articulated above, petitioner cannot demonstrate that a Confrontation Clause objection was so novel pre-*Crawford* as to be unavailable. As a result, petitioner is unable to show cause to excuse his default.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The court declines to issue a Certificate of Appealability on the basis that this case was resolved solely on procedural grounds, thus petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this  21st  day of March, 2011.

                        /s/ Michael W. Mosman
                              Michael W. Mosman
                              United States District Judge